# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS,
## EASTERN DIVISION

| | |
|---|---|
| MARSHALL SPIEGEL, individually and on behalf of a class of those similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. _____ |
| v. ) ) ) | Judge: _____ |
| JAMES T. REYNOLDS; JIM REYNOLDS; KRISTINA HIXSON; OUTREACH CALLING; ASSOCIATED COMMUNITY SERVICES, INC. ) ) ) ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

1.  Plaintiff, Marshall Spiegel ("Plaintiff"), brings this class-action complaint against Defendants in order to obtain redress for all persons who have received unsolicited robocalls in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) on behalf of a sham charity known as The Breast Cancer Society, Inc. Plaintiff alleges as follows based upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys. URLs in connection with some of counsel's Internet investigation are referenced in this complaint; in such instances, facts referenced in text associated with the URL are incorporated into this complaint.

## PARTIES

2.  Plaintiff, MARSHALL SPIEGEL, (hereafter, "Plaintiff" or "Spiegel"), is a natural person, and a citizen of the State of Illinois.

3.  Defendant JAMES T. REYNOLDS, II, along with his wife, KRISTINA HIXSON, and his father JIM REYNOLDS, SR., (collectively "the REYNOLDS

FAMILY") have been involved in running a purported charity called the Breast Cancer Society, Inc.

4. The Breast Cancer Society, Inc. (hereafter, "TBCS") is a sham charity. See, http://cironline.org/reports/part-3-how-one-family-turned-your-goodwill-their-livelihood-4605; http://www.nytimes.com/2015/05/20/business/4-cancer-charities-accused-in-ftc-fraud-case.html?_r=0; http://www.yelp.com/biz/the-breast-cancer-society-mesa; https://www.ftc.gov/news-events/press-releases/2015/05/ftc-all-50-states-dc-charge-four-cancer-charities-bilking-over; http://nonprofitquarterly.org/2013/06/14/the-reynolds-family-s-wretched-charity-empire/; and http://www.breastcancersociety.org.

5. Defendant, OUTREACH CALLING (hereafter, "Outreach") is located at 4751 Route 42, South Turnersville, NJ 08012 and is run by Damian Muziani. Outreach has telemarketed at various times for the REYNOLDS FAMILY and their associated sham charities, including TBCS. Outreach has also called on behalf of various purported charities, including those purporting to be for the benefit of disabled police and veterans. See, http://smarter-giving.info/category/outreach-calling/ and https://www.callercenter.com/701-248-1743.html.

6. At times relevant to this complaint, Outreach made telemarketing calls on behalf of the REYNOLDS FAMILY and their sham charities. *See*, http://800notes.com/Phone.aspx/1-316-453-7024/5.

7. Defendant, ASSOCIATED COMMUNITY SERVICES, INC., is a telemarketing company based in Southfield Michigan. *See*, http://www.associatedcommunityservices.com/ContactUs.

8.    Defendant ASSOCIATED COMMUNITY SERVICES, INC. (hereafter, "ACS") was recently fined by the Attorney General of the State of Michigan for over 430 violations of laws governing charity solicitation, violating the Charitable Organizations and Solicitations Act, and deceiving elderly people. *See*, http://archive.freep.com/article/20140227/BUSINESS06/302270199/acs-charity-schuette-settlement and http://www.michigan.gov/ag/0,4534,7-164-46849_47203-304375--,00.html.

11.    At times relevant to this complaint, ASSOCIATED COMMUNITY SERVICES, INC., has made telemarketing calls on behalf of the REYNOLDS FAMILY and one of their sham charities, TBCS. *See*, http://www.livingstondaily.com/story/news/local/michigan/2015/05/24/feds-accuse-cancer-groups-major-fraud-case/27904457/.

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 because it is a civil action arising under the federal laws of the United States, namely 47 U.S.C. §227, the Telephone Consumer Protection Act.

13.    Venue is proper in this District under 28 U.S.C. § 1391 (b)(2) because Plaintiff resides in this District, Defendants have committed tortious acts within this District, and several of the Defendants do business in this District.

## FACTS PARTICULAR TO PLAINTIFF

14.    Plaintiff is on the national "do not call" list.

15.    On October 27, 2013, plaintiff received a telemarketing call on his home telephone from 309-623-4977 made on behalf of, and for the benefit of the REYNOLDS

3

FAMILY and the Defendant Telemarketer making the call, with a called ID that displayed as follows: "BREAST CANCER S."

16. On April 11, 2014, plaintiff received a telemarketing call on his home telephone from 309-623-4977 made on behalf of, and for the benefit of the REYNOLDS FAMILY and the Defendant Telemarketer making the call, with a called ID that displayed as follows: "BREAST CANCER S."

17. Plaintiff also received a telephone call to his cell phone number in April 2014 from 309-623-4977 made on behalf of, and for the benefit of the REYNOLDS FAMILY and the Defendant Telemarketer making the call, with a called ID that displayed as follows: "BREAST CANCER S."

18. On May 29, 2014, plaintiff received a telemarketing call on his home telephone from 309-623- made on behalf of, and for the benefit of the REYNOLDS FAMILY and the Defendant Telemarketer making the call, with a called ID that displayed as follows: "BREAST CANCER S."

19. August 22, 2014, plaintiff received a telemarketing call on his home telephone from 309-623-4977 made on behalf of, and for the benefit of the REYNOLDS FAMILY and the Defendant Telemarketer making the call, with a called ID that displayed as follows: "BREAST CANCER S."

20. Plaintiff also received a telephone call to his cell phone number in January 2015 from 309-623-4977 made on behalf of, and for the benefit of the REYNOLDS FAMILY and the Defendant Telemarketer making the call, with a called ID that displayed as follows: "BREAST CANCER S."

21. On August 22, 2015, plaintiff received a telemarketing call on his home telephone from 309-623-4977 made on behalf of, and for the benefit of the REYNOLDS FAMILY and the Defendant Telemarketer making the call, with a called ID that displayed as follows: "BREAST CANCER S."

22. On November 26, 2013, plaintiff received a telemarketing call on his home telephone from 847-592-8850 made on behalf of, and for the benefit of the REYNOLDS FAMILY and the Defendant Telemarketer making the call, with a called ID that displayed as follows: "BREAST CANCER S."

23. The calls placed to Plaintiff's cell phone were made using an automatic dialer.

## CLASS ALLEGATIONS

24. Plaintiff brings this action as a class action on behalf of the following classes of individuals, subject to the exclusions set forth in paragraph 25:

> (A) Class A consists of: (1) all persons; (2) whose phone numbers are listed on the national do-not-call list; (3) who have received, during the four years prior to the filing of this action, more than one phone call; (4) with 'BREAST CANCER S" in the caller ID field.
>
> (B) Class B consists of: (1) all persons; (2) whose phone numbers are listed on the national do-not-call list; (3) who have received, during the four years prior to the filing of this action, more than one phone call; (4) by or on behalf of the subscribers to telephone number 309-623-4977.

5

25. Excluded from the definitions of the Classes are: (a) Defendants and officers, agents and employees of the Defendants, (b) the judicial officers assigned to preside over this case, and (c) Plaintiff's counsel.

55. *Numerosity*: Members of the proposed class are so numerous that their individual joinder is impracticable. The precise number of members is unknown to Plaintiff at this time, but based upon reasonable estimates the class includes thousands of individuals. The true number of proposed class members is, however, likely to be known by Defendants, and thus, class members may be notified of the pendency of this action

56. *Commonality*: There are numerous questions of law and fact common to Plaintiff and the proposed class; those questions predominate over any questions that may affect individual Class members, and include the following:

   (a) Whether Defendants violated the TCPA by causing call to be made to individuals on the national do-not-call list;

   (b) Whether Defendants' sham charities qualify as tax exempt, nonprofit organizations under the TCPA; and

   (c) Whether members of the REYNOLDS FAMILY should be held personally liable for their sham charity calls.

57. *Typicality*: Plaintiff's claim is typical of the other members of the proposed classes. Plaintiff received the same telemarketing calls as other members of the proposed classes, and seeks the same statutory remedies to which each proposed class member would be entitled.

58. *Adequacy*: The named Plaintiff will adequately represent the interests of the proposed class. He has been treated in the same manner as other proposed class members. Plaintiff is committed to vigorously prosecuting this action and Plaintiff has retained attorneys with consumer law, TCPA, and class action experience who are well

6

qualified to handle lawsuits of this type. Plaintiff has no interests that are adverse to those of the proposed class.

59. *Predominance*: This case should be certified as a class action because the common questions of law and fact concerning the telemarketing activities associated with Defendants' sham charities predominate over any other issues.

60. *Superiority*: A class action is the only realistic method available for the fair and efficient adjudication of the claims of the proposed class. The expense and burden of individual litigation makes it impracticable for members of the proposed class to seek redress individually for the wrongful conduct alleged in this Complaint. Were each individual member required to bring a separate lawsuit, the resulting multiplicity of proceedings would cause undue hardship and expense for the litigants and the Court, and create the risk of inconsistent rulings, which would be contrary to the interest of justice

## COUNT I

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

61. Plaintiff re-alleges and incorporates by reference Paragraphs 1-60 of this Complaint.

62. A private right of action for "do not call" violations is conferred upon any person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed by the FCC. 47 U.S.C. §227(c)(5) provides:

> **(5) Private right of action. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State--**
>
> **(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,**
>
> **(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or**
>
> **(C) both such actions.**
>
> **It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.**

63. A private right of action exists for telemarketing robocalls to a residence, under 47 U.S.C. 227(b)(3), which provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court**

**of a State, bring in an appropriate court of that State –**

**(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**

**(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**

**(C) both such actions.**

**If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

64. Plaintiff and members of the proposed class each received more than one phone call to their do-not-call registered residential lines, either from the relevant numbers, or identified by the relevant CID language.

65. These calls sought donations and/or the purchase of goods or services, therefore constituted telephone solicitations.

66. These calls were made by or on behalf of Defendants and their sham charities.

67. Defendants' sham charities are not tax exempt, non-profit entities.

68. Plaintiff and proposed class members are entitled to statutory damages for the calls each received by or on behalf of Defendants and their sham charities after the first.

69. Defendants were aware that the calls in question were being made on behalf of sham charities.

70. Defendants were aware that many of the numbers being called were registered on the national do-not-call list.

71. Therefore, Defendants' calling of individuals on the national do-not-call registry was willful.

72. Defendants violated the TCPA even if their actions were only negligent.

73. Defendants should be enjoined from committing similar violations in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendants for:

(a) An Order certifying the proposed classes, appointing Plaintiff as class representative, and appointing Plaintiff's attorneys as class counsel;

(b) Actual damages;

(c) Statutory damages;

(d) An injunction against further violations;

(e) Costs of suit;

(f) Such other or further relief as the Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully Submitted,

s/ Christopher V. Langone
Christopher V. Langone
*Attorney for Plaintiff*
langonelaw@gmail.com
(607) 592-2661

James P. Batson
Law Offices of James P. Batson
8 Bedford Rd.
Katonah, NY 10536
(914) 523-2278