IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARSHALL SPIEGEL, individually and on behalf of a class of those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JAMES T. REYNOLDS, JIM REYNOLDS, KRISTINA HIXSON, and ASSOCIATED COMMUNITY SERVICES, INC. <br><br> Defendants. | Case No. 15-cv-08504 <br><br><br><br><br> Hon. Edmond E. Chang <br><br> Mag. Judge Jeffrey T. Gilbert |

### MEMORANDUM IN SUPPORT OF DEFENDANTS JAMES T. REYNOLDS AND KRISTINA HIXSON'S MOTION TO DISMISS AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION

Defendants James T. Reynolds ("Reynolds") and Kristina Hixson Reynolds ("Hixson")[1] move to dismiss Plaintiff's Amended Class Action Complaint, (Dkt. 46) as to them, because this Court lacks personal jurisdiction over them. As shown in their attached declarations, Reynolds and Hixson had *no* contacts with Illinois specific to this dispute, and have no contacts with Illinois generally. The only Illinois contacts alleged by Plaintiff are those of defendant Associated Community Services, Inc. ("ACS"). As shown below, these contacts cannot be attributed to Reynolds and Hixson because Reynolds and Hixson have no affiliation with ACS,

---

[1] Kristina Hixson Reynolds is misnamed in this lawsuit as "Kristina Hixson." For the sake of clarity only, she is referred to as "Hixson."

did not personally direct ACS's calls, and were not involved in the day-to-day operations of ACS.

In his opposition to Reynolds and Hixson's now-moot motion to dismiss Plaintiff's original complaint, Dkt. 40, Plaintiff argued that he should be entitled to take jurisdictional discovery as to Reynolds and Hixson. Such discovery would be futile, and any motion for leave to conduct jurisdictional discovery should be denied.

## BACKGROUND FACTS

Plaintiff Marshall Spiegel ("Plaintiff") has filed a one-count Amended Class Action Complaint ("Am. Compl.") against four defendants: Reynolds, Hixson, Jim Reynolds, and ACS. Plaintiff pleads that he is a citizen of Illinois and alleges that ACS made telemarketing calls to him in violation of 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). *See* Am. Compl., ¶¶ 2, 24-44.

Plaintiff does not allege the state of residency of Reynolds or Hixson. *Id, passim*. He does not allege that Reynolds or Hixson reside in Illinois, transact any business in Illinois, own any property in Illinois, or regularly visit Illinois for any reason. *Id.* Nor does Plaintiff allege that Reynolds and Hixson personally made or directed any of the allegedly improper telemarketing calls. *Id.* As to Reynolds and Hixson, all Plaintiff alleges is that ACS made improper telemarketing calls on their "behalf" and for their "benefit." *See, e.g., id.* ¶ 13.

As shown in their attached declarations, Reynolds and Hixson are residents of Arizona. *See* Declaration of James T. Reynolds ("Reynolds Decl.," Exhibit A hereto) ¶ 2; Declaration of Kristina Hixson Reynolds ("Hixson Decl.," Exhibit B

2

hereto) ¶ 2). They own no property in Illinois. Reynolds Decl. ¶ 3; Hixson Decl. ¶ 3. They do not travel to Illinois for business or even on vacation. Reynolds Decl. ¶ 4; Hixson Decl. ¶ 4. They do not regularly do business in Illinois or with Illinois businesses. Reynolds Decl. ¶ 5; Hixson Decl. ¶ 5. They pay Arizona state income tax, have Arizona driver's licenses, and are registered to vote in Arizona. Reynolds Decl. ¶¶ 6-8; Hixson Decl. ¶¶ 7-9.

ACS's calls (assumed to have occurred as pled for purposes of this motion only), were allegedly made on behalf of The Breast Cancer Society, Inc. ("TBCS") pursuant to a services contract between TBCS and ACS. Am. Compl, ¶ 7; Reynolds Decl. ¶¶ 9-10. Reynolds, but not Hixson, was at one time a principal of TBCS, which is not a defendant in this case. *See* Am. Compl., *passim*. Per this contract, ACS, not TBCS and not Reynolds or Hixson, generated the lists of names to be called. Reynolds Decl. ¶ 10. ACS was responsible for the training and supervision of the callers, as well as maintenance of the call list, the call center, telephone charges, office space, salaries and commissions of the persons making the calls, licenses, permits, taxes, and bonds. *Id*.

Reynolds and Hixson are not affiliated with ACS. *See* Reynolds Decl. ¶¶ 11-12; Hixson Decl. ¶¶ 10-11. Neither Reynolds nor Hixson had day-to-day involvement with ACS, or with ACS's actions taken pursuant to its contract with TBCS. Reynolds Decl. ¶¶ 11-12; Hixson Decl. ¶¶ 10-11. Reynolds and Hixson did not ask or direct ACS to call persons in Illinois (or any other state in particular). Reynolds Decl. ¶¶ 11-12; Hixson Decl. ¶¶ 10-11. In other words, Reynolds and

3

Hixson did not personally direct ACS's efforts in general, or ACS's alleged calls into Illinois specifically. Reynolds Decl. ¶¶ 11-12; Hixson Decl. ¶¶ 10-11.

## ARGUMENT

### I. IT IS PLAINTIFF'S BURDEN TO ESTABLISH PERSONAL JURISDICTION.

"If a court lacks personal jurisdiction over a party, Federal Rule of Civil Procedure 12(b)(2) requires the complaint to be dismissed." *Addiction & Detoxification Inst., LLC v. Yee*, No. 14-C-05648, 2015 U.S. Dist. LEXIS 25716, *3 (N.D. Ill. March 3, 2015).[2] "[O]nce the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Res. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

### II. PERSONAL JURISDICTION REQUIRES CONSTITUTIONALLY SUFFICIENT CONTACTS WITH THE FORUM STATE.

Because "[t]he TCPA does not authorize nationwide service of process in private actions . . . this Court may exercise personal jurisdiction over defendants only if authorized under Illinois law." *Sojka v. Loyalty Media, LLC*, No. 14-cv-770, 2015 U.S. Dist. LEXIS 66045, *4-5 (N.D. Ill. May 20, 2015) (dismissing TCPA claim for lack of personal jurisdiction); *see also* Fed. R. Civ. P. 4(k)(1)(A). Illinois law "provides for personal jurisdiction on any basis permitted by the Illinois and the United States Constitutions." *Sojka*, 2015 U.S. Dist. LEXIS 66045 at *5. "[T]here is no operative difference between the limits imposed under the Illinois Constitution

---

[2] Unless otherwise indicated, all internal citations and quotations are omitted.

4

and the federal limitations on personal jurisdiction." *Id*. Under either, the standard is "whether the defendant purposefully established minimum contacts in the forum State such that he should reasonably anticipate being haled into court there." *Yee*, 2015 U.S. Dist. LEXIS 25716 at *4, *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). "Personal jurisdiction can be established on either a general or specific basis." *Yee*, 2015 U.S. Dist. LEXIS 25716 at *5.

### III. PLAINTIFF CANNOT ESTABLISH PERSONAL JURISDICTION OVER REYNOLDS OR HIXSON.

#### A. General Jurisdiction

A defendant is subject to general jurisdiction only if he has "continuous and systematic" contacts with the forum state such that the "level of contact" is "akin to the party's physical presence in the state." *Yee*, 2015 U.S. Dist. LEXIS 25716 at *5. Reynolds and Hixson have no contacts with Illinois. They are not Illinois residents, own no property in Illinois, and do no business in Illinois. They have never travelled to Illinois. Rather, they are residents of Arizona, where they pay taxes, have drivers' licenses, and are registered to vote. Plaintiff cannot come close to showing that general jurisdiction exists in this Court as to Reynolds and Hixson. *See Burger King Corp*, 471 U.S. at 474; *Yee*, 2015 U.S. Dist. LEXIS 25716 at *4.

#### B. Specific Jurisdiction

Specific jurisdiction has "three essential requirements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the

5

exercise of jurisdiction must comport with traditional notions of fair play and substantial justice." *Yee*, 2015 U.S. Dist. LEXIS 25716 at *5-6; *see also Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010) (alleged tortious act must be "expressly aimed" at Illinois).

Applying this standard, courts routinely dismiss for lack of personal jurisdiction TCPA claims against individuals who did not personally contact or direct the contacting of the plaintiff. *See, e.g., Paldo Sign & Display Co. v. United Vending & Mktg.*, No. 13-cv-1896, 2014 U.S. Dist. LEXIS 31592, *10 (N.D. Ill. Mar. 11, 2014); *Patrick v. N&G Capital, LLC*, No. 2:14-CV-194 TS, 2014 U.S. Dist. LEXIS 98077, *8-9 (D. Utah July 17, 2014); *Creative Montessori Learning Ctrs. v. Ashford Gear. LLC*, No. 09-C3963, 2010 U.S. Dist. LEXIS 92072, *8-9 (N.D. Ill. Sept. 2, 2010), *vacated and remanded on other grounds by Creative Montessori Learning Ctrs. v. Ashford Gear LLC,* 662 F.3d 913 (7th Cir. 2011); *Flexicorps, Inc. v. Benjamin & Williams Debt Collectors, Inc.*, No. 06-C-3183, 2007 U.S. Dist. LEXIS 38618, *9-10 (N.D. Ill. May 29, 2007) (each dismissing TCPA claims against individuals for lack of personal jurisdiction).[3]

---

[3] In *Creative Montessori Learning Ctrs.*, the Court did find that personal jurisdiction existed as to one of the corporate defendant's principals, but that person (1) was "involved" in the "day-to-day operations" of the corporate defendant; (2) "was in possession of the names and fax numbers of some, if not all, of the recipients;" and (3) "personally made the decision to transmit the facsimiles" at issue. *See Creative Montessori Learning Ctrs.*, 2010 U.S. Dist. LEXIS at *9-10. None of these facts are present here. Reynolds and Hixson (1) were not involved in the day-to-day operations of ACS; (2) did not possess the list of names ACS allegedly called; and (3) did not personally make the decision to call Plaintiff. *See* Reynolds Decl. ¶¶ 10-12;

6

1. **Reynolds and Hixson have no contacts with Illinois.**

Plaintiff cannot establish specific personal jurisdiction over Reynolds and Hixson under this standard. As shown in their declarations, Reynolds and Hixson have no contacts with Illinois and directed no activities towards Illinois. Therefore, no injury could have arisen from forum-directed activities, and hailing them into this court would not comport with notions of fair play and substantial justice. *See, e.g., Mobile Anesthesiologists Chi.*, 623 F.3d at 447 (affirming dismissal for lack of personal jurisdiction because plaintiff did not show that defendants' alleged tortious acts were expressly aimed at Illinois); *Flexicorps, Inc.*, 2007 U.S. Dist. LEXIS 38618 at *9-10 (dismissing TCPA claim against individual who had no contacts with Illinois).

2. **ACS's calls to Plaintiff do not form a basis for specific jurisdiction over Reynolds and Hixson.**

The only contacts with Illinois that Plaintiff attributes to Reynolds and Hixson are those of ACS, who is alleged to have called Plaintiff on behalf of and for the benefit for the "Reynolds Family," which Plaintiff defines to include Reynolds and Hixson. *See, e.g.,* Am. Compl. ¶ 13.

This allegation does not create specific jurisdiction over Reynolds and Hixson because, even if assumed to be true, it does not demonstrate that Reynolds and Hixson had direct involvement in calling Plaintiff. Reynolds and Hixson are not officers, directors, or employees of ACS. They had no day-to-day involvement with

---

Hixson Decl. ¶¶ 10-11.

ACS. Per ACS' service contract, ACS, not TBCS and not Reynolds or Hixson, generated the lists of names to be called on TBCS's behalf. ACS was responsible for the training and supervision of the callers, as well as maintenance of the call list, the call center, telephone charges, office space, salaries and commissions of the persons making the calls, and licenses, permits, taxes, and bonds. Reynolds and Hixson did not direct ACS's efforts in general, or direct any of ACS's calls into any particular state. Reynolds Decl. ¶¶ 9-12; Hixson Decl. ¶¶ 10-12.

Based on these facts, ACS's contacts with Illinois cannot be attributed to Reynolds and Hixson. Plaintiff does not allege any Illinois contacts other than ACS's calls to him, and thus cannot show that specific personal jurisdiction exists in this Court on his claims against Reynolds and Hixson. [4]

### 3. Plaintiff's veil-piercing allegations cannot establish jurisdiction over Reynolds and Hixson.

In an effort to salvage his jurisdictional argument against Reynolds and Hixson, Plaintiff alleges that they were "involved in running" TBCS, which Plaintiff calls a "sham charity." *See* Am. Compl. ¶¶ 3-4. Plaintiff further alleges that "the corporate form of [T]BCS should be disregarded as a sham," and therefore, somehow, Reynolds and Hixson "have submitted to personal jurisdiction" in Illinois. *Id.* ¶ 9.

---

[4]   Even if ACS's contacts with Plaintiff somehow could be attributed to Reynolds and Hixson personally, Plaintiff would still have to overcome the fiduciary shield doctrine, which provides that if an "individual's presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal," dismissal of claims against that individual for lack of personal jurisdiction is warranted. *Flexicorps, Inc.*, 2007 U.S. Dist. LEXIS 38618 at *9.

8

"Bare, conclusory allegations" that a corporation is an individual's "alter ego" or a "façade" for that person's "individual dealings, will not suffice to establish personal jurisdiction." *McNutt v. Weinerman & Assoc., LLC*, No. 14-cv-307-jdp, 2016 U.S. Dist. LEXIS 15932, *14 (W.D. Wisc. Feb. 8, 2016). *See also Trs. of the Chi. Reg'l Council of Carpenters Pension Fund v. Joyce Bros. Storage and Van Co.*, No. 15 C 1584, 2016 U.S. Dist. LEXIS 31063, *6 (N.D. Ill., Mar. 10, 2016) (rejecting veil-piercing claim for failure "to allege sufficient specific facts" in support); *Kouakou v. Sutton Funding, LLC*, No. 09 C 7132, 2012 U.S. Dist. LEXIS 21889, (N.D. Ill. Feb. 22, 2012) (rejecting argument that personal jurisdiction could be asserted based on veil piercing); *Flexicorps, Inc.*, 2007 U.S. Dist. LEXIS 38618 at *9 (granting motion to dismiss for lack of personal jurisdiction; alter ego theory of personal jurisdiction as to individual in TCPA case "puts the cart before the horse").

Plaintiff offers no specifics in support of his argument for specific personal jurisdiction. He pleads only "legal conclusions and conclusory allegations merely reciting the elements" of veil piercing as to TBCS, without supporting facts. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *see, e.g.* Am. Compl. ¶¶ 3, 9. These allegations are not entitled to a "presumption of truth" and can be "disregarded on a motion to dismiss." *Id*. at 616, 617.

Even if Plaintiff's veil-piercing allegations are considered, the Amended Complaint does not link Reynolds and Hixson's alleged abuses of TBCS's corporate form with their active participation in or direction of ACS's alleged calls to Plaintiff. As shown above, Plaintiff does not and cannot allege any identity of interest

9

between ACS and Reynolds and Hixson, or that ACS was an alter ego of either Reynolds or Hixson. Plaintiff has pled no facts suggesting that Reynolds or Hixson had any role in directing ACS's calls allegedly made on behalf of TBCS. Reynolds' and Hixson's sworn statements that they did not have day-to-day involvement with ACS or with ACS's actions taken pursuant to its agreement with TBCS (which would include any calls allegedly made to Plaintiff) are undisputed. Reynolds Decl. ¶¶ 11-12; Hixson Decl. ¶¶ 10-11.

Similar but stronger veil piercing allegations were rejected as a basis for specific personal jurisdiction in *Flexicorps, Inc.*, 2007 U.S. Dist. LEXIS 38618 at *9. In that TCPA case, the plaintiff alleged that a defendant corporation was a "sham" and "alter ego" of an individual defendant, and therefore the corporation's "contacts with Illinois should provide a sufficient basis for personal jurisdiction over" the individual. *Id*. Because the plaintiff failed to show that the individual defendant "personally directed" the corporation's "activities in Illinois," it was "not enough" that he held "a controlling interest" in it. *Id*. at *10, *citing, inter alia, Alpert v. Bertsch*, 235 Ill. App. 3d 452, 459, 601 N.E. 1031, 1035 (1st Dist. 1992) (veil-piercing allegations insufficient to establish personal jurisdiction over individuals under Illinois' long-arm statute). The TCPA claim against the individual defendant therefore was dismissed for lack of personal jurisdiction. *Id*. at *21.

Similarly, in *McNutt*, a TCPA/debt-collection case, the plaintiff's veil piercing allegations did not even suffice to support jurisdictional discovery, much less establish personal jurisdiction. Even crediting the plaintiff's conclusory allegations,

10

the Court found that the individual defendant was not "involved in collecting the specific debt at issue in this case," and therefore any contacts he might have had with the forum state "do not directly relate to the challenged conduct or transaction." *See McNutt*, 2016 U.S. Dist. LEXIS 15932 at *12, *quoting Tamburo v. Dworkin*, 601 F.3d 693, 702 (7th Cir. 2010). Further, even with allegations of veil piercing, the plaintiff "must still make a prima facie showing that [defendants] had sufficient minimum contacts with [the forum state] to support the exercise of personal jurisdiction." *Id*, at *14, *quoting Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012). "Bare, conclusory allegations" of veil piercing "will not suffice." *Id*. Plaintiff here cannot show that his allegations as to Reynolds and Hixson are meaningfully distinct from the analogous allegations in *Flexicorps, Inc.* or *McNutt*.

### IV. JURISDICTIONAL DISCOVERY WOULD BE FUTILE.

Litigants are not entitled to jurisdictional discovery as of right. "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946-947 (7th Cir. 2000) (affirming denial of request for jurisdictional discovery; proposed discovery was "irrelevant" and "burdensome"). Where a defendant submits declarations in support of his motion to dismiss for lack of personal jurisdiction, as Reynolds and Hixson have, facts contained in those declarations are "deemed true" if they are not refuted by the Plaintiff. *Adkins v.*

11

*Nestle Purina Petcare Co.*, 973 F. Supp. 2d 905, 912 (N.D. Ill. 2013) (denying plaintiff's request for jurisdictional discovery and granting motion to dismiss).

Plaintiff has not made a prima facie showing that personal jurisdiction in Illinois could possibly exist as to Reynolds or Hixson. The Amended Complaint does not allege any contacts in Illinois by Reynolds or Hixson, and Plaintiff's only theory of jurisdiction appears to be that ACS's alleged contacts can be attributed to TBCS, and TBCS's corporate veil should be pierced such that those contacts may also be attributed to Reynolds and Hixson personally. However, there are no indications in the Amended Complaint that discovery would reveal that ACS's alleged calls to Plaintiff — the only possible jurisdictional basis — were made or directed by Reynolds and Hixson personally. Both Reynolds and Hixson have sworn that they did not have any day-to-day involvement with ACS's services performed relating to TBCS, and that they did not direct ACS's efforts in general or any of ACS's calls into any particular state. Nothing in the Amended Complaint challenges these facts, and jurisdictional discovery, therefore, is not warranted.

## CONCLUSION

Plaintiff's Amended Complaint against Reynolds and Hixson should be dismissed for lack of personal jurisdiction.

Respectfully submitted,

**JAMES T. REYNOLDS AND KRISTINA HIXSON**

Dated: April 14, 2016                By:    /s/ Adam N. Hirsch
                                            One of Their Attorneys

C. Philip Curley (Ill. No. 3124181)
Adam N. Hirsch (Ill. No. 6275127)
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
(312) 663-3100 – Telephone
(312) 663-0303 – Fax
pcurley@robinsoncurley.com
ahirsch@robinsoncurley.com

## Certificate of Service

I, the undersigned, an attorney hereby certify that I caused a copy of the foregoing **Memorandum in Support of Defendants James T. Reynolds and Kristina Hixson's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction** to be served via CM/ECF upon all counsel on April 14, 2016.

    /s/ Adam N. Hirsch
    Adam N. Hirsch