**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

CERTIFIED COPY

A True Copy
Teste:

Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Argued July 6, 2018
Decided August 2, 2018

**Before**

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3344

MARSHALL SPIEGEL,
*Plaintiff-Appellant*,

*v.*

ASSOCIATED COMMUNITY SERVICES, INC., et al.,
*Defendants-Appellees*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 15 C 8504

Edmond E. Chang,
*Judge*.

**O R D E R**

Marshall Spiegel appeals the entry of summary judgment for Associated Community Services ("ACS") in this suit under the Telephone Consumer Protection Act. As relevant here, the Act and its implementing regulations prohibit telemarketers from calling numbers listed on the national Do Not Call Registry to solicit "the purchase or rental of, or investment in, property, goods, or services" unless the call is made by or on behalf of a "tax exempt nonprofit organization." *See* 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(14)(iii). Spiegel contends that ACS violated the Act when it called him to solicit donations to the Breast Cancer Society. On appeal the parties debate whether the Breast Cancer Society is a "tax exempt nonprofit organization" within the meaning of

the Act. Because Spiegel waived the only argument he develops on appeal, we affirm the judgment.

ACS called Spiegel's home phone multiple times while his number was registered on the national Do Not Call list. Although the purpose of these calls was supposedly to solicit donations to the Breast Cancer Society, ACS kept about 85% of the total revenue that it raised. At all times relevant to this appeal, the IRS recognized the Breast Cancer Society as a tax-exempt organization under 26 U.S.C. § 501(c)(3), though the Federal Trade Commission has identified it as a fraudulent enterprise.

In September 2015 Spiegel filed a class-action complaint seeking to represent all persons whom ACS had called on behalf of the Breast Cancer Society in violation of the Telephone Consumer Protection Act. (He also named as defendants three individuals associated with the Breast Cancer Society, none of whom are participating in this appeal.) ACS moved to dismiss the complaint, highlighting the Act's exception for calls made by, or on behalf of, tax exempt nonprofit organizations. Spiegel countered that dismissal was inappropriate for two reasons: (1) ACS called Spiegel at least partially on its own behalf, and (2) because of its fraudulent activities, the Breast Cancer Society should not be considered a true tax exempt nonprofit organization. The judge denied ACS's motion to dismiss, reasoning that the IRS's classification of the Breast Cancer Society as a section 501(c)(3) entity resolved the question whether the charity was a tax exempt nonprofit organization for purposes of the Act. But, the judge concluded, dismissal on the pleadings was unwarranted because Spiegel plausibly alleged that ACS made calls on its own behalf.

The judge later entered summary judgment for ACS because the undisputed evidence showed that ACS called on behalf of the Breast Cancer Society. The judge added that Spiegel's claim also failed because the Act's prohibition against "telephone solicitation" does not include "requests for money *donations*." As the judge observed, the Act prohibits calls to numbers on the Do Not Call list for the purpose of "telephone solicitation," a term the Act defines as "the initiation of a telephone call or message *for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services*." § 227(a)(4) (emphasis added); *see* 47 C.F.R. § 64.1200(f)(14)(iii) (exempting calls made "[b]y or on behalf of a tax-exempt nonprofit organization"). Spiegel admitted at summary judgment that ACS's calls "did not seek the purchase of goods or services." Thus, the judge concluded, ACS could not have violated the Act even if the Breast Cancer Society does not qualify as a tax exempt nonprofit organization.

Spiegel does not challenge the judge's dispositive holding that solicitations of *donations* do not violate the Act's prohibition against calls to numbers on the Do Not Call Registry. When asked about this issue at oral argument, Spiegel's counsel suggested that even if the noncommercial nature of the calls doomed any claim based on the Do Not Call Registry, he might still have a claim under a different subsection that prohibits any "telephone call to any residential line using an artificial or prerecorded voice," 47 U.S.C. § 227(b)(1)(B). But Spiegel's briefs make no mention of § 227(b)(1)(B). And as the judge correctly observed at summary judgment, Spiegel's "complaint cannot fairly be read to allege calls using prerecorded voice technology." Spiegel has thus waived any claim based on § 227(b)(1)(B). *See Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 412 (7th Cir. 2009.)

"[W]e may affirm on any basis that appears in the record." *Part-Time Faculty Ass'n at Columbia Coll. Chi. v. Columbia Coll. Chi.*, 892 F.3d 860, 865 (7th Cir. 2018) (quoting *Kidwell v. Eisenhauer*, 679 F.3d 957, 965 n.1 (7th Cir. 2012)). So we could affirm the judgment based solely on Spiegel's failure to contest the judge's interpretation of the term "telephone solicitations." But because ACS also did not raise the issue as an alternative ground for affirmance, we leave for another day the question whether the Act prohibits calling numbers on the Do Not Call Registry to solicit donations.

Moving on to the issue the parties have discussed, Spiegel contends that the judge erred in finding the Breast Cancer Society's section 501(c)(3) status dispositive to whether it qualifies as a tax exempt, nonprofit organization for purposes of the Act. ACS counters that Spiegel "abandoned" this argument when he failed to reassert it at summary judgment. But "[i]t is not waiver—it is prudence and economy—for parties not to reassert a position that the trial judge has rejected." *See Bastian v. Petren Res. Corp.*, 892 F.2d 680, 683 (7th Cir. 1990).

The problem for Spiegel is that he *never* presented to the district court the only argument that he advances on appeal. In arguing that the Breast Cancer Society is not a "tax exempt nonprofit organization" within the meaning of the Act, he now relies almost entirely on an extended comparison to *Zimmerman v. Cambridge Credit Counseling Corp.*, a case that interpreted a similar nonprofit exemption in the Credit Repair Organizations Act. 409 F.3d 473, 475 (1st Cir. 2005). The *Zimmerman* court held that in order to qualify for the exemption, a "credit repair organization" must "actually operate as a nonprofit organization *and* be exempt from taxation under section 501(c)(3)." *Id.* at 478. The court reversed the dismissal of the complaint because it plausibly alleged that

the tax-exempt organization "was not actually operating as a nonprofit organization." *Id.* at 479.

Spiegel never advanced any argument under *Zimmerman* in the district court. Instead he merely cited cases like *Bob Jones University v. United States*, 461 U.S. 574 (1983), for the unremarkable proposition that "IRS findings are routinely challenged, revisited, or reversed, by courts and by the IRS." That the IRS has authority to revoke an organization's tax-exempt status for good cause says nothing about whether the IRS's designation is controlling for purposes of the Telephone Consumer Protection Act when, as here, the IRS has taken no action to revoke that tax-exempt status. It certainly does not support Spiegel's bold assertion that "[t]he IRS'[s] designation is irrelevant to … the applicability of the [Telephone Consumer Protection Act] exemption."

Because Spiegel waived the only argument he raises on appeal, we **AFFIRM** the district court's judgment. ACS's motion for leave to file a supplemental brief is **DENIED**.